IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

---

**JAMIE HEUTON, individually and as administrator of the estate of Andrew Heuton and as next friend of A.H., ASHLEY HEUTON, and ANDREW HEUTON, JR.,**

　　　　　　　　　　　　　**Plaintiffs**,

**v.**

**UNITED STATES OF AMERICA,**

　　　　　　　　　　　　　**Defendant**.

**Case No. 24-2065-DDC**

---

## MEMORANDUM AND ORDER

Plaintiffs asserted wrongful death and survival claims against defendant United States of America under the Federal Tort Claims Act (FTCA).  Now, plaintiffs ask the court—for a second time—to approve the settlement they have reached with defendant.  Doc. 132.

The court denied plaintiffs' first Application for Approval of Wrongful Death Settlement (Doc. 126).  Doc. 130 at 14.  That first putative settlement apportioned one-fourth of the settlement to Jamie Heuton.  Doc. 126 at 3.  In so doing, it asserted that Jamie Heuton qualified as an heir because she was the common-law wife of Andrew Heuton, the decedent.  *Id.* at 2.  But the court concluded that Jamie Heuton hadn't shouldered her burden to establish that she was decedent's spouse at the time of his death.  Doc. 130 at 11.  Under the Kansas Wrongful Death Act, Kan. Stat. Ann. § 60-1905, only an heir may receive proceeds from a wrongful death settlement.  *See Mason v. Gerin Corp.*, 647 P.2d 1340, 1343 (Kan. 1982) ("[T]he wrongful death action authorized by 60-1901 et seq., is for the *exclusive* benefit of the heirs[.]" (emphasis

added)).  What's more, the court found that the settlement apportionment wasn't in the best interests of the minor heir, A.H.  The court reasoned that a settlement which apportioned part of the proceeds to a non-heir reduced A.H.'s recovery in contravention of Kansas law.  Doc. 130 at 13.  For these two reasons, the court denied plaintiffs' first Application.  *Id.*

Now, plaintiffs have filed an Amended Application for Approval of Wrongful Death Settlement (Doc. 132).  The Amended Application no longer apportions proceeds to Jamie Heuton.  Instead, the settlement equally apportions proceeds between decedent's two adult children and his one minor child.  This revision in apportionment cures both of the court's concerns about plaintiffs' first Application.

With those concerns abated, the court grants plaintiffs' motion and approves the parties' settlement and its apportionment.  The court explains this ruling below, starting with the approval of attorneys' fees under the Kansas Wrongful Death Act.

### A.    Attorneys' Fees

Kan. Stat. Ann. § 60-1905 "requires the district court to determine a reasonable fee for the plaintiffs' attorneys in a wrongful death case."  *Baugh v. Baugh ex rel. Smith*, 973 P.2d 202, 207 (Kan. Ct. App. 1999).  "The general rule is that an attorney is entitled to the reasonable value of services performed for the client."  *Id*.

Here, the parties' Stipulation for Compromise Settlement and Release specifies that any attorneys' fees owed by plaintiffs "shall not exceed" 25% of the settlement amount.  Doc. 126-1 at 2, 3.  The court finds this fee reasonable for two reasons.  *First*, the FTCA limits attorney fee awards in FTCA matters to 25% of the settlement.  *See* 28 U.S.C. § 2678.  Courts have explained the legislative intent behind Congress's amendment of the FTCA's fee-award statute that put the 25% cap in place.

> When Congress amended the FTCA's attorney's fees provision to create the twenty-five percent cap, it intended to incentivize good attorneys to take FTCA cases. . . . As Congress recognized, good attorneys will not take FTCA cases if they cannot earn what they would normally receive in private practice.

*Shaw v. United States*, No. CIV 17-0147 JB/LF, 2018 WL 3598513, at *9 (D.N.M. July 26, 2018); *see also Ouandji v. Hedglen*, No. CIV-16-1303-C, 2018 WL 2050162, at *1 (W.D. Okla. May 2, 2018) ("Section 2678 was amended in 1966, at which time Congress raised that limit on attorneys' fees from 20 percent to the present level of 25 percent.  The legislative history of that amendment indicates that its purpose was to assure competent representation and reasonable compensation in matters litigated under the FTCA." (quotation cleaned up)).  In short, Congress reasoned that a 25% fee rate was necessary to incentivize competent representation in FTCA cases, which suggests such a rate is reasonable.

Second, this court frequently has approved settlement agreements—albeit in non-FTCA cases—with considerably larger fee percentages.  *See Aiken v. Assurance Health Sys. LLC*, No. 22-2385-DDC-ADM, 2025 WL 1810014, at *5 (D. Kan. July 1, 2025) (approving 40% contingency fee as aligning with those charged in the area); *Sedlock v. Overland Park Med. Invs., LLC*, No. 19-2614-DDC, 2021 WL 1056516, at *4–5 (D. Kan. Mar. 19, 2021) (finding that a 40% contingency fee award was reasonable given the circumstances).

To align with Congress's intent to incentivize competent attorneys to take FTCA cases— and because the attorneys here will receive fees considerably more modest than they would litigating another contingency-fee case—the court finds that counsel's request for fees here is a reasonable one and thus approves it.

Kan. Stat. Ann. § 60-1905 also allows the court to award counsel reasonable costs incurred during litigation.  *See Newton v. Amhof Trucking, Inc.*, 385 F. Supp. 2d 1103, 1108 (D. Kan. 2004) (identifying § 60-1905 as providing for costs); *Trotter v. Harris*, No. 16-4005-DDC,

3

2018 WL 1412065, at *3 (D. Kan. Mar. 21, 2018) (same).  Plaintiffs' counsel submitted an itemized statement of costs to the court.  The court reviewed the costs and communicated informally over email with counsel about a few unclear expenses—expenses which counsel clarified with a thorough response.  Having completed that review, the court finds that the submitted costs "are reasonable and incurred during litigation." *Trotter*, 2018 WL 1412065, at *3.

### B.  Apportionment of Settlement

Finally, the court considers how to apportion the remaining wrongful death settlement proceeds—after deducting attorneys' fees and expenses.  Plaintiffs confirmed—either at the settlement hearing or by affidavit—that they have reviewed the settlement documents and are satisfied with the work their attorneys performed.  The heirs now ask the court to split the remaining settlement proceeds equally between them—one-third each.  Doc. 132 at 3.  The court concludes the proposed equal apportionment between Ashley Heuton, Andrew Heuton, Jr., and A.H. is appropriate and in minor A.H.'s best interest.  So, the court approves plaintiffs' proposed apportionment.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' Amended Application for Approval of Wrongful Death Settlement (Doc. 132) is granted.  The court approves counsel's costs and fee request and apportions the wrongful death settlement proceeds in the fashion described by this Memorandum and Order.

**IT IS SO ORDERED.**

**Dated this 21st day of May, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

4